Gabrielli, J.
(dissenting). I respectfully dissent. Controlling, and dispositive of the critical issue presented, is that provision in section 9 of article III of the New York Constitution which mandates that a "majority of each house shall constitute a quorum to do business”. I find no infirmity with the majority’s conclusion that section 202 operates sua sponte to compel a joint session with no requirement of further resolution or "call”. However, notwithstanding the fact that the Legislature is to meet in joint session, it is axiomatic that, in order for that body to meet in such a manner, and do whatever business may be before it, both "houses” of the Legislature must be present. Section 202 of the Education Law itself requires that the "two houses shall meet in joint session”, not that the legislators as individuals shall jointly meet (emphasis added). I think the Constitution is clear in the requirement that for a *407 "house” to be "present”, in the sense that it may do business, a quorum of its members must be present. It is not "metaphorical” reasoning, as respondents would term it, but cold and clear logic to conclude that for a joint session of the Legislature to be validly convened and carry on business, a quorum of each house of the Legislature must be present. If this elementary and tautological proposition is not accepted, one may conceive of an untoward situation where no Senators but all of the Assemblymen attend a purported joint session of the Legislature. Since the members of the Assembly constitute a majority of the total number of legislators, such a grouping would, under the majority’s reasoning, constitute a joint session of both houses of the Legislature. But, how could one logically conclude that "both houses” of the Legislature are meeting in joint session if one house is entirely absent from the purported joint session? Surely, such a conclusion would be unwarranted. Similarly, it would fly in the face of the constitutional provision to conclude that both houses are in joint session if a majority of one house is not present at an assembly of legislators.
Beyond the express and plain mandate of section 9 of article III, the Constitution does not address itself to rules governing joint meetings of the Legislature; the rules of procedure for such meetings are therefore internal "housekeeping” matters to be determined by the two houses in joint session or, in the absence of any agreed-upon rules, by accepted parliamentary procedure. Nevertheless, as to the prerequisites for a joint session, the constitutional mandate is inevasible; no statutory purpose, however salutary, may override it. The majority’s reasoning that a requirement of a quorum of each house may render section 202 of the Education Law ineffective and enable a majority of one house to frustrate its purpose must fall before the constitutional rule.
I would not disturb the Appellate Division decision to convert petitioners’ article 78 proceeding into a declaratory judgment action. Therefore, since it is conceded that less than a majority of the Senate attended the purported joint meeting of March 11, 1975, I would modify the order of the Appellate Division and declare that a quorum of each house is necessary for a valid joint session of the Legislature and otherwise affirm the determination that the joint session of March 11, 1975 was invalid.
Chief Judge Breitel and Judges Jones, Wachtler, Fuchs- *408 berg and Cooke concur with Judge Jasen; Judge Gabrielli, dissents and votes to modify in a separate opinion.
Order reversed, without costs, and the petition dismissed.